IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CHRISTOPHER NEAL,                    )
                                     )
                    Plaintiff,       )
                                     )
        v.                           )         1:19CV1272
                                     )
RICK CHAMPION,                       )
                                     )
                    Defendant(s).    )


ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Christopher Neal, submitted a pro se complaint under 42 U.S.C. § 1983

and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).

Plaintiff names Rick Champion, an assistant district attorney in Alamance County, North

Carolina, who prosecuted Petitioner on charges of attempted first-degree murder and

possession of a firearm by a felon, as the only Defendant in the case. Plaintiff claims that

Champion improperly procured and used Plaintiff's financial records as evidence against

him in the criminal trial. Plaintiff asserts that this violated his federal constitutional rights,

the North Carolina Financial Privacy Act, and the Right to Financial Privacy Act, 12 U.S.C.

§ 3401 et. seq. He seeks millions of dollars in damages as a result.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or

officer or employee of a governmental entity," this Court has an obligation to "review" this

Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint,

or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim

upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

As to the first basis for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted).

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions.  Threadbare  recitals of the elements of a cause of action, supported by  mere

conclusory statements, do not suffice."  Id.[1]

As part of this review, the Court may anticipate affirmative defenses that clearly

appear on the face of the complaint.    Nasim v. Warden, Md. House of Corr., 64 F.3d 951,

954 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983).

The  final ground for dismissal under 28 U.S.C. § 1915A(b)(2) generally applies to

situations in which  doctrines established by the United States Constitution or at common

law immunize governments and/or government personnel from liability for monetary

damages.  See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984)

(discussing sovereign immunity of states and state officials under Eleventh Amendment);

Pierson v. Ray,  386 U.S.  547 (1967) (describing  interrelationship between  42 U.S.C.

§ 1983 and common-law immunity doctrines, such as judicial, legislative, and

prosecutorial immunity).

---

[1]Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint,  however inartfully  pleaded,  must be held to less stringent  standards than formal pleadings  drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted),  the United States Court of Appeals for the Fourth  Circuit has "not read Erickson  to undermine  Twombly's requirement that a pleading  contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying  Twombly standard in dismissing  pro se complaint); accord Atherton v. District of Columbia  Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.'  But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility  of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it is frivolous, because it fails to state a claim on which relief may be granted, and because it seeks monetary damages from a defendant with immunity from such relief.

As an initial matter, the Court notes that Plaintiff is attempting to undermine his convictions or sentences for attempted first-degree murder, possession of a firearm by a felon, assault with a deadly weapon with intent to kill, and discharging a firearm into occupied property. Plaintiff does not directly state that he was convicted of these crimes as a result of the events set out in his Complaint. However, he does allege that he faced at least two of these charges, attempted first-degree murder and possession of a firearm by a felon, stemming from an incident that occurred on June 13, 2017 in Alamance County, North Carolina, and that he went to trial before a jury on those charges. Further, the public records of the North Carolina Department of Public Safety show that Plaintiff is currently serving sentences for the four convictions listed above based on offenses occurring in Alamance County on June 13, 2017. It is therefore clear that Plaintiff was convicted of the charges involved in the Complaint and that Plaintiff is attempting to undermine the basis for those convictions. Plaintiff may not do so without first showing that such convictions were reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or, finally, called into question by a federal court through the issuance of a writ of

4

habeas corpus. <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). Plaintiff fails to do so and, therefore, dismissal is proper for this reason alone.

Plaintiff also names a prosecutor as the only defendant. However, prosecutors have absolute immunity for their participation in the judicial process. <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259 (1993). Therefore, Plaintiff's claims should be dismissed for this additional reason.

Further, as to any claims under the Right to Privacy Act, that Act applies to the procurement of financial records by a "Government authority," which is defined as "any agency or department of the United States, or any officer, employee, or agent thereof." 12 U.S.C. § 3401. Plaintiff does not allege that Defendant is an officer, employee, or agent of the United States, nor could he be, given that Defendant is a state prosecutor. Any claim under the Right to Privacy Act should be dismissed for this additional reason.

Finally, Plaintiff alleges that Defendant violated the North Carolina Financial Privacy Act. Such a violation cannot support a claim under § 1983, which covers only violations of the federal constitution and federal statutes. To the extent that Plaintiff seeks to bring a separate state law claim, it should be dismissed without prejudice to Plaintiff asserting his state claims in state court, given that all of Plaintiff's federal claims fail.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be authorized, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment of $16.67. Failure to comply with this Order will lead to dismissal of the complaint.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $16.67.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of May of 2020, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for being frivolous and for failing to state a claim upon which relief may be granted, as well as for seeking monetary relief against a defendant who is immune from such relief, except that Plaintiff's claim under the North Carolina Financial Privacy Act should be dismissed without prejudice to Plaintiff pursuing his state claim in the courts of North Carolina.

This, the 10th day of April, 2020.

/s/ Joi Elizabeth Peake
United States Magistrate Judge

6